UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEVIN VANOVER, Plaintiff,

v. Civil Action No. 3:17-cv-494-DJH-RSE

SAMSUNG HVAC, LLC, et al., Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin Vanover claims that his former employer and supervisors, Defendants Samsung HVAC LLC, Vic Perez, and Brian O'Connor, violated the Kentucky Civil Rights Act by discriminating against him and retaliating against him when he reported the alleged discrimination. (Docket No. 28) Samsung HVAC has filed a motion to dismiss, arguing that it does not qualify as an "employer" under the KCRA. (D.N. 35) For the reasons set forth below, the Court will grant Samsung HVAC's motion to dismiss.

**I. BACKGROUND**

The following facts are set forth in the amended complaint and taken as true for purposes of the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

Kevin Vanover worked for Samsung HVAC LLC in Kentucky from December 1, 2015, until his termination on February 20, 2017. (D.N. 28, PageID # 87, 89) Samsung HVAC hired Vanover as Regional Sales Manager, with responsibilities for managing Samsung HVAC's customer relationships and selling Samsung HVAC products in Kentucky and Tennessee. (*Id.*, PageID # 87) Vanover claims escalating harassment by his direct supervisor, Brian O'Connor. (*Id.*, PageID # 87–89) Vanover recounts that O'Connor exhibited "bizarre behavior . . . during a

1

customer meeting" and "began to rant about who won the Civil War" while using profane language. (*Id.*, PageID # 87) O'Connor would call Vanover during the evenings and "humiliate [him] in a[n] openly hostile manner." (*Id.*) He also spoke in an inappropriate manner to Vanover in front of other employees. (*Id.*)

In May 2016, Vanover reported O'Connor's behavior to Vic Perez, O'Connor's supervisor. (*Id.*, PageID # 88) Perez did not address Vanover's concerns, and Samsung HVAC took no action against O'Connor. (*Id.*) After this report, O'Connor sent Vanover several inappropriate emails and told Vanover that he was no longer allowed to contact several of his own clients. (*Id.*) As a result, Vanover "began having serious medical issues." (*Id.*, PageID # 89) Vanover eventually sought relief from Samsung HVAC's Human Resources Department, and "[a]fter an investigation, [his] reports of harassment were substantiated." (*Id.*) Vanover alleges that Samsung HVAC finally terminated his employment on February 20, 2017, "for reporting the harassment and hostile environment that he endured." (*Id.*) Vanover then filed this lawsuit in Jefferson Circuit Court (D.N. 1-1), and Samsung HVAC removed the action to this Court. (D.N. 1)

## II. STANDARD

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that he is entitled to relief. *Id.* at 679. The complaint need not contain "detailed factual allegations," but it must provide "more than an unadorned, the-defendant-

2

unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). For purposes of a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett*, 561 F.3d at 488 (citing *Gunasekera*, 551 F.3d at 466).

## III. ANALYSIS

### A.

As an initial matter, the Court rejects Samsung HVAC's attempt to convert the motion to dismiss into a motion for summary judgment by attaching several exhibits to both its motion and its reply. (D.N. 35-2; D.N. 40-1, 40-2, 40-3, 40-4) "Because [these] document[s] [are] neither contained nor referenced in the pleadings, the Court must either reject the evidence or treat the motion as one for summary judgment." *Tucker v. Heaton*, No. 5:14–CV–00183, 2015 WL 3935883, at *2 (W.D. Ky. June 26, 2015). The Court declines to consider matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). Vanover has failed to state a plausible claim for relief in any event.

### B.

Samsung HVAC argues that it cannot be held liable under the Kentucky Civil Rights Act because Vanover did not adequately allege that it is an employer within the definition of Ky. Rev. Stat. § 344.030. (D.N. 35-1, PageID # 129–30) Vanover has not alleged or argued that Samsung HVAC is in fact an employer as defined by the statute. (*See* D.N. 28; D.N. 37) Instead, Vanover contends that "a defendant need not meet the statutory definition of 'employer' under KRS 344.030 to be liable under KRS 344.280." (*Id.*, PageID # 160)

Vanover alleges in Count II of his complaint that he was subjected to "discrimination and harassment" and "a hostile work environment" in violation of the KCRA. (D.N. 28) The specific

3

section of the statute that covers such conduct is Ky. Rev. Stat. § 344.040, which prohibits an employer from "discharg[ing] any individual . . . because of the individual's . . . sex." Further, an employer may not "deprive an individual of employment opportunities or otherwise adversely affect status as an employee[] because of the individual's . . . sex." Ky. Rev. Stat. § 344.040.

In order to be held liable under § 344.040, a defendant must qualify as an "employer" as defined by Ky. Rev. Stat. § 344.030. *See, e.g.*, *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 495 (6th Cir. 2011) (granting summary judgment on a claim under § 344.040 where plaintiff did not show that the defendant met the numerosity requirement in § 344.030). Under § 344.030, an employer is "a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year and an agent of such a person." Ky. Rev. Stat. § 344.030(2). This definition applies to the language in Ky. Rev. Stat. § 344.040. *See* Ky. Rev. Stat. § 344.030 (titled "Definitions for KRS 344.030 to 344.110"). Because Vanover does not allege that Samsung HVAC has or had eight or more employees in Kentucky, the Court will grant Samsung HVAC's motion to dismiss as to Count II. *See Himmelheber v. ev3, Inc.*, No. 3:07-CV-593-H, 2008 WL 360694, at *1–2 (W.D. Ky. Feb. 8, 2008) (dismissing a claim under § 344.040 because the plaintiff did not sufficiently allege that the defendant was "an 'employer' for purposes of the KCRA").

## C.

Vanover also alleges a violation of Ky. Rev. Stat. § 344.280. (D.N. 28, PageID # 90) The language of that section does not include the term employer; instead, it prohibits "a *person*[] or . . . two (2) or more *persons* [from] conspir[ing]: (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter." Ky. Rev. Stat. § 344.280 (emphasis added). Vanover argues that Samsung HVAC need not qualify as an

"employer" to be liable for retaliation under § 344.280 because this section does not refer to employers. (D.N. 37, PageID # 160–61) Moreover, the definitions in § 344.030 only apply to "KRS 344.030 to 344.110." Ky. Rev. Stat. § 344.030. While Vanover does not have to plead that Samsung HVAC was an employer for purposes of his retaliation claim, he still must allege that he "opposed a practice declared unlawful by" the KCRA. Ky. Rev. Stat. § 344.280. He has failed to do so.

"Retaliation claims under the KCRA are evaluated under the same standard as . . . federal Title VII claims." *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 504 (6th Cir. 2014). "The liberal pleading standard applicable to civil complaints does not require that a retaliation complaint set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief." *Carrethers v. Speer*, 698 F. App'x 266, 270 (6th Cir. 2017). Just as under Title VII, it is necessary that Vanover allege "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that Vanover opposed a "practice declared unlawful" under the KCRA. Ky. Rev. Stat. § 344.280; *Crowder v. Railcrew Xpress*, 557 F. App'x 487, 492–93 (6th Cir. 2014). "If there is no 'employer' with at least eight employees, there is no 'practice declared unlawful' under Chapter 344." *Owens v. Ward*, No. CIV.A. 5:08-CV-413-K, 2009 WL 482097, at *7 (E.D. Ky. Feb. 25, 2009), *aff'd*, 406 F. App'x 936 (6th Cir. 2011); *see* Ky. Rev. Stat. § 344.280. Thus, Vanover has not adequately alleged that he opposed a practice declared unlawful by the KCRA because he does not assert that Samsung HVAC has or has ever had eight or more employees in Kentucky. (*See* D.N. 28) He has therefore failed to "state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678 (citation omitted), and Count I will also be dismissed.

**IV. CONCLUSION**

Viewing the complaint in the light most favorable to Vanover, *see Tackett*, 561 F.3d at 488, the Court finds that Vanover has not stated a plausible claim under the Kentucky Civil Rights Act as to Samsung HVAC. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Samsung HVAC LLC's motion to dismiss (D.N. 35) is **GRANTED**. The Clerk of the Court is **DIRECTED** to terminate Samsung HVAC LLC as a defendant in the record of this matter.

November 28, 2018

**David J. Hale, Judge**
**United States District Court**